IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| INDIANAPOLIS FRUIT COMPANY LLC., <br><br> Plaintiff, <br><br> - against - <br><br> F2F, LLC t/a FIELDS FOODS a/t/a FIELDS FOODS – LAFAYETTE; <br> F2F2, LLC t/a FIELDS FOODS a/t/a FIELDS FOODS – WASHINGTON;. <br> F2F4, LLC t/a FIELDS FOODS a/t/a FIELDS FOODS – DOGTOWN; <br> F2F5, LLC t/a FIELDS FOODS a/t/a FIELDS FOODS – DeBALIVIERE; <br> F2F6, LLC t/a FIELDS FOODS a/t/a FIELDS FOODS – PAGE BLVD; <br> and CHRISTOPHER G. GOODSON, <br><br> Defendants. | Case No. 1:23-cv-1155 <br><br> **COMPLAINT** |

Plaintiff, Indianapolis Fruit Company, LLC. ("Indy Fruit"), by and through undersigned counsel, as and for its complaint against Defendants F2F, LLC t/a Fields Foods a/t/a Fields Foods Lafayette ("Lafayette"); F2F2, LLC t/a Fields Foods a/t/a Fields Foods – Washington ("Washington"); F2F4, LLC t/a Fields Foods a/ta/ Fields Foods – Dogtown ("Dogtown"); F2F5, LLC t/a Fields Foods a/t/a Fields Foods – DeBaliviere ("DeBaliviere"); F2F6, LLC t/a Fields Foods a/t/a Fields Foods – Page Blvd ("Page") (Lafayette, Washington, Dogtown, DeBaliviere, and Page hereinafter collectively, "Corporate Defendants"), and Christopher G. Goodson ("Goodson") (Lafayette, Washington, Dogtown, DeBaliviere, Page, and Goodson collectively, "Defendants"), alleges as follows:

**JURISDICTION AND VENUE**

1.  This Court has jurisdiction over the subject matter of this action under Section 5(c)(5) of the Perishable Agricultural Commodities Act, 7 U.S.C. § 499e(c)(5) ("PACA"), 7 U.S.C. § 499(e)(b), and 28 U.S.C. § 1331. Personal jurisdiction exists over each Defendant as they transact business in this district and have sufficient minimum contacts such that this proceeding does not offend traditional notions of fair play and justice.

2.  This Court has supplemental jurisdiction over Plaintiff's non-PACA claims pursuant to 28 U.S.C. § 1367.

3.  Venue in this District is proper under 28 U.S.C. § 1391 because a substantial part of Plaintiff's claims arose in this District.

## **PARTIES**

4.  Plaintiff Indy Fruit is a Delaware limited liability company with its office and principal place of business at 4501 Massachusetts Avenue, Indianapolis, Indiana 46218. Indy Fruit is engaged in the business of selling wholesale quantities of perishable agricultural commodities ("Produce") and is licensed as a dealer under PACA.

5.  a.  At all times relevant hereto, Defendant Lafayette was and is a Missouri limited liability company with a principal place of business in St. Louis, Missouri that was engaged in the business of buying wholesale quantities of Produce and other goods in interstate commerce, and that was licensed as a dealer under PACA. Defendant Lafayette is and was at all relative times the parent company, affiliate, or related entity of Defendants Washington, Dogtown, DeBaliviere, and Page, all of whom along with Defendant Lafayette, are grocery stores. Upon information and belief, Defendant Lafayette also functions as a procurement and purchasing entity for its affiliates, Washington, Dogtown, DeBaliviere, and Page.

  b. Defendant Washington is a Missouri limited liability company having its principal place of business in St. Louis, Missouri, and is and was at all relative times an affiliate or related entity of Defendants Lafayette, Dogtown, DeBaliviere and Page.

  c. Defendant Dogtown is a Missouri limited liability company having its principal place of business in St. Louis, Missouri, and is and was at all relative times an affiliate or related entity of Defendants Lafayette, Washington, DeBaliviere and Page.

  d. Defendant DeBaliviere is a Missouri limited liability company having its principal place of business in St. Louis, Missouri, and is and was at all relative times an affiliate or related entity of Defendants Lafayette, Washington, Dogtown and Page.

  e. Defendant Page is a Missouri limited liability company having its principal place of business in St. Louis, Missouri, and is and was at all relative times an affiliate or related entity of Defendants Lafayette, Washington, Dogtown and DeBaliviere

  f. Upon information and belief, Defendant Goodson was at all relevant times an owner, officer, and/or director of Corporate Defendants during the period of time in question, who controlled the operations of all Corporate Defendants and is and was in a position of control over, and participated in the dissipation of, the PACA trust assets belonging to Plaintiff. Upon further information and belief, Defendant Goodson resides in St. Louis, Missouri.

## **ALLEGATIONS COMMON TO ALL COUNTS**

6. This action is brought to enforce the trust provisions of the PACA, 7 U.S.C. § 499e(c).

7. Upon information and belief, Defendants operate a chain of grocery stores with an online full-service grocery and a home delivery service, among other services.

8. Between January 1, 2023, and May 23, 2023, Plaintiff sold and delivered to Defendants wholesale quantities of Produce that had been shipped in interstate commerce or contemplation thereof, along with other goods (the "Transactions"). Pursuant to the Transactions, Defendants received and accepted the aggregate sum of $365,954.02 worth of Produce and other goods from Plaintiff, of which the Produce portion was $327,779.64 and all of which remains outstanding.

9. Defendants have not disputed the debt owed to Plaintiff in any way but despite demands for payment, have failed to pay for the Produce and other goods sold by Plaintiff when payment was due, and presently owe Plaintiff the aggregate principal amount of $365,954.02.

10. At the time of receipt of the Produce, Plaintiff became a beneficiary in a statutory trust under PACA (the "PACA Trust"), which is designed to assure payment to Produce suppliers and which consists of all Produce or Produce-related assets, including all funds commingled with funds from other sources and all assets procured by such funds, in the possession or control of Defendants.

11. Plaintiff timely preserved its interest in the PACA Trust in the principal amount of $327,779.64 by issuing invoices to Defendants which contain the requisite statutory language required by 7 U.S.C. § 499e(c)(4).

12. Plaintiff remains a beneficiary of the PACA Trust until full payment is made for the Produce.

13. Defendant Goodson owes fiduciary obligations to Plaintiff by virtue of his role at Corporate Defendants and exercise of control over the assets and operations of Corporate Defendants.

14. Pursuant to PACA, Defendants are required to maintain the PACA Trust so that the assets are freely available to pay their produce suppliers and to make full payment promptly.

15. Prior to March 2023, payment for Produce and other goods supplied by Plaintiff was made by the Corporate Defendant receiving the Produce and other goods at issue. However, on or about March 24, 2023, in an effort to address the past due accounts of Corporate Defendants, the parties agreed that Defendants would bring its accounts current and that a significant payment for all of the past-due produce and other goods delivered to Corporate Defendants would be made via ACH transfer from an account maintained by Defendant Lafayette to which Defendant Goodson was the authorized signatory, while paying promptly on all current transactions. Subsequent ACH transfers were often returned for insufficient funds and the payment plan was not adhered to by Defendants. On May 24, 2023, Defendants accounts were put on a "Do Not Ship" status by Plaintiff.

16. On or about May 30, 2023, Corporate Defendants' CEO, Joe O'Toole, advised Plaintiff that there might be a change in ownership in the Corporate Defendants, that a financial transition was taking place but that it was a slow transition, he did not have control over the assets of Corporate Defendants and was unable to authorize payment of any amount to Plaintiff, and that he would not blame Plaintiff for taking legal action in the interim.

17. Defendants' failure and admitted inability to pay Plaintiff the balance due to Plaintiff, demonstrates that Defendants are failing to maintain sufficient assets in the statutory trust to pay Plaintiff, and that the trust assets are dissipated and threatened with further dissipation.

## COUNT ONE
**(Injunctive Relief – All Defendants)**

18. Plaintiff incorporates each and every allegation set forth in paragraphs 1 to 17 above as if fully set forth herein.

19. Defendants' failure to make payment to Plaintiff of trust funds in the principal aggregate amount of $327,779.64 from the statutory trust is a violation of PACA and PACA regulations and is unlawful.

20. Pursuant to PACA and the prevailing cases, Plaintiff is entitled to injunctive relief against Defendants, enjoining and restraining them and their agents from further dissipating trust assets belonging to Plaintiff, and requiring the turnover to Plaintiff of PACA trust funds in the possession of third parties.

WHEREFORE, Plaintiff demands preliminary and permanent injunction enjoining and restraining Defendants and their agents from further dissipating trust assets belonging to Plaintiff and requiring the turnover to Plaintiff of PACA trust funds in the possession of third parties.

## COUNT TWO
### (Failure to Pay Trust Funds – All Defendants)

21. Plaintiff repeats and reasserts each and every allegation contained in paragraphs 1 through 20 of this Complaint as if fully set forth herein.

22. Defendants received all of the Produce on which this action is based.

23. Defendants have failed to pay Plaintiff for the Produce that they received from Plaintiff.

24. Defendants' continuing failure to make payment to Plaintiff of trust funds in the principal amount of $327,779.64 violates PACA and PACA regulations.

25. As a direct and proximate result of these Defendants' continuing violations of PACA and PACA regulations, Plaintiff has suffered, and is continuing to suffer, damages in the principal amount of $327,779.64 plus interest from the date the Plaintiff's invoices became past due, costs and attorneys' fees.

26. As a further result of Defendants' above-stated actions, it has been necessary for Plaintiff to obtain services of legal counsel to prosecute this action, and Plaintiff is entitled to reimbursement for those attorneys' fees and costs that have been reasonably incurred.

WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, enforcing payment from the PACA Trust by ordering these Defendants to pay Plaintiff the principal amount of $327,779.64, plus interest, costs, attorneys' fees, and any other relief deemed just and owing.

### COUNT THREE
**(Failure to Pay Promptly - All Defendants)**

27. Plaintiff repeats and reasserts each and every allegation contained in paragraphs 1 through 26 of this Complaint as if fully set forth herein.

28. Defendants received all of the Produce on which this action is based.

29. Defendants have failed and refused to pay for the Produce within the period required by 7 C.F.R. § 46.2(aa)(5).

30. As a direct and proximate result of Defendants' failure to pay promptly, Plaintiff has incurred damages in the amount of $327,779.64, plus interest from the date the Plaintiff's invoices became past due, costs and attorneys' fees.

31. As a further result of Defendants' above-stated actions, it has been necessary for Plaintiff to obtain services of legal counsel to prosecute this action, and Plaintiff is entitled to reimbursement for those attorneys' fees and costs that have been reasonably incurred.

WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, in the principal amount of $327,779.64, plus interest, costs and attorneys' fees, and any other relief deemed just and owing.

## COUNT FOUR
### (Unlawful Dissipation of Trust Assets by a Corporate Official – Goodson)

32. Plaintiff repeats and reasserts each and every allegation contained in paragraphs 1 to 31 above as if fully set forth herein.

33. Defendant Goodson is and was an owner, officer and/or director who operated the Corporate Defendants during the period of time in question or prior thereto, and who, upon information and belief, is and was in a position of control over the PACA trust assets belonging to Plaintiff.

34. Defendant Goodson failed to direct the Corporate Defendants to fulfill their statutory duties to preserve PACA trust assets and pay Plaintiff for the produce it supplied.

35. Defendant Goodson knew or should have known that at all relevant times, Corporate Defendants were in breach of the PACA trust.

36. Defendant Goodson's failure to direct the Corporate Defendants to maintain PACA trust assets and pay Plaintiff for the Produce supplied was an unlawful dissipation of trust assets by a corporate official.

37. Defendant Goodson participated in the breach of the PACA Trust by the Corporate Defendants.

38. As a result of said unlawful dissipation of trust assets, Plaintiff has been deprived of its rights as a beneficiary in the statutory trust and has been denied payment for the Produce supplied.

WHEREFORE, Plaintiff requests judgment against Defendant Goodson in the principal amount of $327,779.64, plus interest, costs, attorneys' fees, and any other relief deemed just and owing.

## COUNT FIVE
### (Breach of Contract -- Failure to Pay For Goods Sold – Corporate Defendants)

39. Plaintiff repeats and reasserts each and every allegation contained in paragraphs 1 to 38 above as if fully set forth herein.

40. Corporate Defendants' received invoices with their shipments of produce and other goods from Plaintiff without objection on or about the dates indicated on the faces of the invoices.

41. Plaintiff's invoices to Corporate Defendants constitute valid and enforceable agreements between the parties.

42. Corporate Defendants breached the terms of the invoices by failing to timely remit payment for the Produce and other goods received from Plaintiff.

43. Plaintiff has performed all of its duties, obligations and conditions to be performed under the invoices.

44. As a direct and proximate result of the failure of Corporate Defendants to pay Plaintiff for the Produce and other goods supplied and breach of contract, Plaintiff has suffered damages in the aggregate principal amount of $365,954.02 plus interest, costs, and attorneys' fees as follows:

   a). Lafayette:        $208,935.38 principal

   b). Washington:       $ 34,466.69 principal

   c). Dogtown:          $ 43,412.90 principal

   d). DeBaliviere:      $ 68,237.15 principal

   e). Page:             $ 10,901.90 principal

WHEREFORE, Plaintiff demands judgment for damages against Corporate Defendants as follows:

   a). In favor of Plaintiff and against Lafayette in the amount of $208,935.38, plus interest, costs, attorneys' fees, and any other relief deemed just and owing.

9

b).     In favor of Plaintiff and against Washington in the amount of $34,466.64, plus interest, costs, attorneys' fees, and any other relief deemed just and owing.

c).     In favor of Plaintiff and against Dogtown in the amount of $43,412.90, plus interest, costs, attorneys' fees, and any other relief deemed just and owing.

d).     In favor of Plaintiff and against DeBaliviere in the amount of $68,237.15, plus interest, costs, attorneys' fees, and any other relief deemed just and owing.

e).     In favor of Plaintiff and against Page in the amount of $10,901.90, plus interest, costs, attorneys' fees, and any other relief deemed just and owing.

## COUNT SIX
### (Declaratory Judgment that Corporate Defendants Are Alter Egos)

45.    Plaintiff incorporates each and every allegation set forth in paragraph 1 to 44 above as if fully set forth herein.

46.    Upon information and belief, the officers, directors and/or equity holders of the Corporate Defendants do not act independently in the interest of those companies but take direction from the principals or entities that have sufficient capitalization.

47.    Upon information and belief, Goodson controlled the operations of each of the Corporate Defendants.

48.    Upon information and belief, Goodson made inter-company transfers of assets of the Corporate Defendants and used the commingled assets to satisfy the obligations of Lafayette or its affiliates and related entities.

49.    Upon information and belief, the Corporate Defendants use the same banking institutions.

50.    Corporate Defendants use the same or similar trade names.

51. Upon information and belief, Corporate Defendants share certain of the same suppliers.

52. The Corporate Defendants have the same corporate headquarters.

53. Upon information and belief, the Corporate Defendants have the same officers, members, and shareholders.

54. Upon information and belief, the Corporate Defendants were inadequately capitalized.

55. Upon information and belief, one Corporate Defendant or Defendants pays the salaries, expenses, debts and/or losses of other Corporate Defendants.

56. Upon information and belief, the Corporate Defendants have failed to maintain the corporate formalities.

57. The Corporate Defendants have abused the corporate form to deprive Plaintiff of the PACA trust funds to which it is entitled.

58. The Corporate Defendants are *alter egos* of one another, entitling Plaintiff to recover the debt they are owed from each of the Corporate Defendants, jointly and severally.

59. There exists an actual controversy between Plaintiff and the Corporate Defendants regarding the interrelatedness of the Corporate Defendants and the extent of their liability for the sum due Plaintiff.

WHEREFORE, Plaintiff requests judgment declaring that the Corporate Defendants are *alter egos,* and jointly and severally liable for the PACA trust debt at issue.

## COUNT SEVEN
### (Personal Guarantee– Goodson)

60. Plaintiff incorporates each and every allegation set forth in paragraph 1 to 59 above as if fully set forth herein.

61. On September 7, 2021, in consideration of Plaintiff extending credit terms to Defendant Lafayette, Defendant Goodson executed a continuing personal guarantee of all indebtedness owed by Lafayette to Plaintiff, including principal, interest, costs, and attorneys' fees, owed by Lafayette to Plaintiff.

62. Plaintiff is currently owed the principal amount of $208,935.38 for Produce and other goods sold and delivered to Lafayette, plus interest, costs and attorneys' fees.

WHEREFORE, Plaintiff requests judgment against Defendant Goodson in the principal amount of $208,935.38, plus interest, costs, attorneys' fees, and any other relief deemed just and owing.

## COUNT EIGHT
**(Interest and Attorneys' Fees – All Defendants)**

63. Plaintiff repeats and reasserts each and every allegation contained in paragraphs 1 to 62 above as if fully set forth herein.

64. PACA and the Invoices at issue entitle Plaintiff to recover interest at the rate of eighteen percent (18%) per annum against Defendants.

65. PACA and the Invoices at issue entitle Plaintiff to recover costs and attorney's fees in the event that Defendants violate their obligations by failing to pay Plaintiff for the Produce and other goods sold to Corporate Defendants.

WHEREFORE, Plaintiff demands judgment against all Defendants, jointly and severally, for prejudgment interest at the rate of eighteen percent (18%) per annum, costs and reasonable attorneys' fees incurred in enforcing Plaintiff's PACA trust rights, and any other relief deemed just and owing.

13

Dated:  June 29, 2023.	Respectfully submitted,


VAN VALER LAW FIRM, LLP

/s/ Thomas W. Vander Luitgaren
Thomas W. Vander Luitgaren, #20416-43
225 S. Emerson Ave, Ste. 181
Greenwood, IN 46143
(317) 881-7575
Tom@vanvalerlaw.com

Attorneys for Plaintiff