IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

---

INDIANAPOLIS FRUIT COMPANY LLC.,

                  Plaintiff,

- against -

F2F, LLC; F2F2, LLC; F2F4, LLC; F2F5, LLC; F2F6, LLC; ST. LOUIS FOOD HUB, LLC; and CHRISTOPHER GARY GOODSON,

                  Defendants.

Case No. 1:23-cv-01155-MPB-MG

---

## STIPULATION AND ORDER

      Plaintiff, Indianapolis Fruit Company, LLC ("Indy Fruit" or "Plaintiff"), and Defendants F2F, LLC, F2F2, LLC, F2F4, LLC, F2F5, LLC, F2F6, LLC, St. Louis Food Hub, LLC, and Christopher Gary Goodson ("Goodson") (collectively, "Defendants") (Plaintiff and Defendants, the "Parties"), by and through their respective undersigned attorneys and authorized representatives, hereby stipulate and agree to settle this matter on the terms set forth below, and the Court hereby approves this Stipulation and enters the Order thereon.

      1.     Plaintiff is a qualified trust creditor and beneficiary under the provisions of the Perishable Agricultural Commodities Act, 7 U.S.C. § 499a, *et seq.* ("PACA"), of Defendants for a debt in the principal amount of $327,779.64 for unpaid produce, plus a debt in the principal amount $38,174.38 for unpaid non-produce items, plus interest at the rate of 18% per annum through July 19, 2023 in the amount of $23,608.80, plus reasonable attorney's fees and expenses in the amount of $15,000.00, for a total debt due of $404,562.82, of which $366,388.44 is subject to the PACA trust (the "PACA Trust Debt").

2. For full and final satisfaction of Plaintiff's claims, subject to the terms and conditions of this Stipulation and Order, Defendants shall pay to Plaintiff the sum of $404,562.82 (the "Settlement Amount") according to the following schedule:

$ 55,000.00 by July 24, 2023, receipt of which is acknowledged
$100,000.00 by August 17, 2023
$ 45,000.00 by August 31, 2023
$ 45,000.00 by October 31, 2023
$159,562.82 by December 31, 2023

All payments to be made under this Stipulation and Order shall be paid so as to be received on or before 3:00 PM on the date due, TIME BEING OF THE ESSENCE. Except as otherwise expressly set forth herein, all payments shall be made by wire transfer and shall be paid so as to be received by Plaintiff on or before the date and time payment is due, pursuant to the following instructions:

| | |
|---|---|
| Account Name: | Indianapolis Fruit Company, LLC |
| Account Address: | 4501 Massachusetts Avenue<br>Indianapolis, IN 46218 |
| Account Number: | 7656405110 |
| Bank Name: | Fifth Third Bank |
| Bank ABA Number: | 042000314 |
| SWIFT Advise: | FTBCUS3CXXX |

3. To secure the payment of the Settlement Amount, Defendant Goodson, in his capacity as Managing Member and President of Defendants F2F, LLC, F2F2, LLC, F2F4, LLC, F2F5, LLC, F2F6, LLC, St. Louis Food Hub, LLC, and individually, have executed a Joint Motion for Reinstatement and Entry of Consent Judgment, in the amount of $349,562.82, plus additional reasonable attorneys' fees and expenses incurred, if any, in the event of default, subject to prove up, ("Judgment Amount"), forms of which are attached hereto, both of which are to be held in escrow by Plaintiff's counsel, McCarron & Diess, as security for the installment

payments set forth above. (**A copy of the Joint Motion for Reinstatement and Entry of Consent Judgment are attached for informational purposes only <u>and should not be entered by the Court at this time</u>**.)

4. In the event Defendants default in any of their payment obligations as set forth in Paragraph 2 above, Defendants shall have the right to cure such default by paying the amount due within three (3) business days after notice of such default is sent to Defendant via email to Defendants at chris@gilded-age.com, and to Defendants' counsel at mmcbride@lashlybaer.com. Notwithstanding the foregoing, Defendants' right to cure a default in making the payments as provided above shall be limited to one (1) such occurrence, and this provision is of the essence.

5. In the event that Defendants default in their payment obligations as set forth in Paragraph 2 above, and Defendants either fail to cure such default or are not allowed to cure such default pursuant to Paragraph 4 above, then upon the filing with the court a Declaration as to such default by Plaintiff's counsel, with copies thereof to Defendants via email at three (3) business days after notice of such default is sent to Defendant via email to Defendants at chris@gilded-age.com, and to Defendants' counsel at mmcbride@lashlybaer.com, Plaintiff shall be entitled to file the previously executed Joint Motion for Reinstatement and Entry of Consent Judgment, and obtain a judgment against Defendants, jointly and severally, under the trust provisions of the Perishable Agricultural Commodities Act, 7 U.S.C. §499e(c) for the full amount of the Settlement Amount, any additional reasonable attorneys' fees and expenses incurred by Plaintiff as a result of Defendant's default, as determined by the Court, less any payments made by Defendants pursuant to this Stipulation and Order, as determined by the Court.

6.	The Parties' agreement to the payments set forth in Paragraph 2 above is without prejudice to Plaintiff's standing as a qualified PACA trust creditor and beneficiary as set forth in Paragraph 1 above and nothing herein shall be deemed a waiver of those rights as contemplated by 7 C.F.R. 46.46(c)(2) and 7 C.F.R. 46.46(e)(3). The original credit terms between the Parties are not intended to be modified, nor are they modified by this Stipulation and Order. Nothing herein shall be deemed, interpreted or otherwise construed as an extension of credit by Plaintiff to Defendants, nor as a waiver of Plaintiff's rights under the PACA statutory trust as set forth in 7 U.S.C. § 499e(c), and Plaintiff's rights under this Stipulation and Order are in addition to its rights under said trust.

7.	No delay or failure by either Party to exercise any right under this Stipulation and Order, and no partial or single exercise of any right, shall constitute a waiver of that or any other right, unless stated otherwise in writing.

8.	The Parties agree that the Temporary Restraining Order entered in this matter on July 14, 2023 [Dkt. 23] be dissolved, and that all restraints against the assets of corporate Defendants be removed and released upon the entry of this Stipulation and Order by the Court.

9.	The Parties agree that this action shall be dismissed without prejudice.

10.	This Stipulation and Order may be executed by the Parties, or by the Parties' authorized counsel acting with active authority from their principals, in Counterparts, and collectively all signed Counterparts represent one agreement. Facsimile or electronic signatures shall be deemed originals for all purposes.

11.	The Parties acknowledge having had a sufficient opportunity to discuss this Stipulation and Order with their respective attorneys, and having availed themselves of that opportunity to the extent they desired to do so.

12. The Court shall retain jurisdiction to enforce the terms of this Stipulation and Order.

Dated this 24th day of July, 2023.

IT IS SO STIPULATED.

|  |  |
|---|---|
| F2F, LLCC | Respectfully submitted, |
| F2F2, LLC | VAN VALER LAW FIRM, LLP |
| F2F4, LLC | /s/ Thomas W. Vander Luitgaren |
| F2F5, LLC | Thomas W. Vander Luitgaren, #20416-43 |
| F2F6, LLC | 225 S. Emerson Ave, Ste. 181 |
|  | Greenwood, IN 46143 |
| AND | (317) 881-7575 |
| ST. LOUIS FOOD HUB, LLC | Tom@vanvalerlaw.com |

By: _____/s/ Goodson_____
Christopher G. Goodson,
Managing Member

AND

McCARRON & DIESS

/s/Mary Jean Fassett
Mary Jean Fassett, *Pro Hac Vice*
4530 Wisconsin Ave., NW, Ste. 301
Washington, D.C. 20016
(202) 364-0400
mjf@mccarronlaw.com

*Co-Counsel for Plaintiff*
*Indianapolis Fruit Company, LLC*

And

CHRISTOPHER G. GOODSON, pro se

By: _____/s/ Goodson_____
Christopher G. Goodson, Individually

**SO ORDERED.**

Date: _____

_____
Matthew P. Brookman, Judge
United States District Court
Southern District of Indiana

5